**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DIRK KANCILIA,**

**Plaintiff,**

**v.**

**COMENITY BANK,**

**Defendant.**

**Civil Action 2:26-cv-781**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Dirk Kancilia, a Colorado resident proceeding without the assistance of counsel, sues Defendant, Comenity Bank, for $1 million in connection with a lien on Plaintiff's assets. (ECF No. 1.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 4.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

*See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff's allegations, though brief, are difficult to parse. He alleges that he is the trustee of the Dirk Kancilia Revocable Living Trust, and that he sent a "Notice of Lien" on June 24, 2026, to Defendant, Comenity Bank, reading in full as follows:

> I DIRK KANCILIA (Trustee) of DIRK KANCILIA **Revocable Living Trust** send you **Lien Holder**, a notice letting you know there is a lien on DIRK KANCILIA Assets which includes the following:
>
> Comenity Bank
>
> NO ASSETS OR MONEY Can be Recouped Until The lien of **$1,000,000.00** is PAID IN FULL to The_DIRK KANCILIA_Revocable Living Trust.
>
> If You Violate this notice by NO RESPONSE, CONTINUE TO REPORT the Listed Assets or even Send a Letter stating you will CONTINUE TO REPORT the Listed asset
>
> or assets on_DIRK KANCILIA Credit report to credit bureaus after being notified with this notice, you now opt in to paying_DIRK KANCILIA Revocable Living Trust
>
> **$1,000,000.00** LIEN PAY OFF AMOUNT TO SETTLE
>
> VIOLATION WITH ASSET REPORTED AS PAID OFF ON CREDIT mailed to
>
> 235 NONA AVE TRINIDAD COLO 81082.
>
> **FOR THE RECORD**: DIRK KANCILIA **OPTS OUT OF ANY AND EVERY 3RD PARTY RIGHTS Lien Holder CONTRACT OR IN BUSINESS WITH**
>
> Thanks, DIRK KANCILIA
>
> (Trustee)

(Compl., ECF No. 1, PAGEID #6–7) (emphasis and paragraph breaks in original). Plaintiff's only other factual allegations are that "I sent the notice of unpaid lien to the Company (which I will attach to this case), letting them know about the First Obligation Trust Lien that I needed to get taken care (which had nothing to do with them). They completely ignored the notice and continued to report account on credit which now puts them at fault for the trust lien security

agreement pay off for delaying and ignoring the first obligation pay off." (*Id.* at PAGEID #4.) As relief, Plaintiff seeks "$1,000,000.00 amount owed for trust security agreement violation." (*Id.*) Plaintiff further invokes federal question jurisdiction (under Article 1, Section 10: Right to Contract) and diversity jurisdiction (as he is a resident of Colorado, and Defendant is allegedly an Ohio corporation with an Ohio principal place of business, and he seeks more than $75,000 in damages).

Plaintiff's allegations fail to state a claim on which relief can be granted. He appears to allege that Defendant is the holder of a lien on Plaintiff's assets, and that as a result, Defendant owes Plaintiff $1 million. That is not typically how liens operate. Typically, an entity could hold a lien on Plaintiff's assets only if *Plaintiff* owed money to *Defendant*. *See* LIEN, Black's Law Dictionary (12th ed. 2024) ("A legal right or interest that a creditor has in another's property, lasting usu. until a debt or duty that it secures is satisfied."). Accordingly, Plaintiff could not simply "opt out" of any third party lien rights attached to his property. Plaintiff also suggests that the lien "had nothing to do with [Defendant]," contradicting his other allegations. And the terms and parties of the alleged "trust lien security agreement" are not at all clear. Even construing Plaintiff's allegations liberally, the undersigned concludes that Plaintiff has not plausibly alleged any cognizable claim against Defendant. Accordingly, Plaintiff's Complaint must be dismissed.

## III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is **GRANTED**. In addition, for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE